THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS J. LYNCH v. HENRY I. HAYDEN, as Police Commissioner, etc., Respondent.

*Police commissioner's decision dismissing a patrolman.*

A wide range of power and discretion is vested in a police commissioner in dismissing from office a patrolman on the charge of intoxication, and appellate tribunals will not interfere with his decision except in a plain case of erroneous determination.

CERTIORARI issued under an order of the Supreme Court, made at the Kings County Special Term on the 18th day of July, 1893, directed to Henry I. Hayden, police commissioner, etc., of the city of Brooklyn, to review the dismissal of the relator from the police force of the city of Brooklyn.

*Sidney Williams*, for the relator.

*F. A. McCloskey*, for the respondent.

DYKMAN, J.:

This case comes here upon a writ of certiorari to obtain a review of the proceedings of the defendant as police commissioner of the city of Brooklyn in dismissing the relator from the office of patrolman in that city.

The specific charge against the relator was intoxication, and two witnesses testified to the fact that he himself admitted that he had taken three or four drinks during the day.

The decision of the commissioner is sustained by the decision of the Court of Appeals in the case of *The People ex rel. Masterson* v. *French* (110 N. Y. 496), which was a case much like this, and the law of that case was not modified by the subsequent case of *The People ex rel. Hogan* v. *French* (119 N. Y. 493).

A wide range of power and discretion is vested in the commissioner in this class of cases, and his decisions depend so much upon the facts in each case that appellate tribunals will not interfere except in plain cases of erroneous determinations.

This is not such a case, and the proceedings should be affirmed, without costs.

CULLEN and PRATT, JJ., concurred.

Proceedings affirmed, without costs.